Lewis Chandler appeals from a judgment of the common pleas court finding him to be a sexual predator in accordance with the provisions of Chapter 2950, Revised Code. On this appeal, he challenges the constitutionality of the sexual predator law and the adequacy of the trial court's hearing held prior to making the sexual predator determination. After a careful review of these issues, we affirm the judgment of the trial court.
The record here reveals that just a few days before Christmas in 1989. sixteen-year-old Nicole Hambrick, who worked as a sales clerk at the Euclid Square Mall planned to meet Troy Williams, a young college student whom she had known for a short time. She telephoned his home to have him pick her up from work and drive her to her girlfriend's home. Chandler, then in his mid-thirties, who stayed with Troy's mother, answered the phone, arranged to pick her up and drive her to Troy's home and she agreed to go with him.
Chandler drove to an apartment building, and went in to allegedly get Troy while Nicole remained in the car. He returned with a duffel bag, told her Troy was not home, but offered to take her to the motel room he and Troy's mother rented for him over the college break.
Chandler then drove her to the Envoy Motel and after renting a room told Nicole the clerk advised Troy had been there and planned to return within fifteen minutes. At this time, Nicole telephoned her girlfriend and advised she still awaited Troy to drive her home. Subsequently, Chandler smoked some marijuana, and produced a hunter's knife and ordered Nicole to undress. After a time, he tied her hands behind her back, ordered her to perform oral sex upon him, played a pornographic video, ordered her to watch it and again ordered her to perform oral sex upon him. He then attempted vaginal intercourse with her but Nicole was required to wear a Foley bag because of being born with congenital defects and had undergone several surgeries. Unmoved, he engaged in anal intercourse with her. Around 7:30 or 8:00 the following morning, she managed to escape, and ran to the motel lobby screaming that she had been raped.
On February 20, 1990, the grand jury indicted Lewis Chandler for three counts of rape and one count of kidnaping. Following a trial in which the jury found Chandler guilty of all four counts, the court sentenced him to four consecutive terms of ten to twenty-five years. Chandler later appealed his conviction to this court, and we affirmed. See State v. Chandler(Mar. 5. 1992), Cuyahoga App. No. 59764, unreported.
On March 13, 1998, pursuant to Revised Code Chapter 2950, the court conducted a sexual predator classification hearing. The court reviewed the facts of the case, noted Chandler's age and the age of the victim, the cruelty he displayed, and the nature of the sexual activity. The defense offered no evidence, but pointed out that Chandler had no previous criminal record and that he did not plead guilty to the crimes. The court then declared Chandler to be a sexual predator.
Chandler now appeals from this determination, and presents eleven assignments of error for our review. Chandler's third and eleventh assignments of error state:
III.
 R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ARTICLE II, SECTION 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
XI.
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF O.R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
This same issue has been decided in State v. Cook(1998),83 Ohio St.3d 404. The syllabus there reads:
 1. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 2. R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Accordingly, these assignments of error are overruled.
Assignments of error one, four, five, six, seven, eight, nine, and ten state:
I.
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF R.C. 2950.01 ET AL. WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
IV.
 APPLICATION OF R.C. 2950.01 ET SEQ. IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
V.
 APPLICATION OF "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S R.C. 2950.09 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
VI.
 R.C. 2950.01 ET SEQ. IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII.
 R.C. 2950.01 ET SEQ. IS AN UNCONSTITUTIONAL BILL OF ATTAINDER UNDER ARTICLE I, SECTION 9, OF THE UNITED STATES CONSTITUTION THEREBY VIOLATING APPELLANT'S RIGHTS.
VIII.
 R.C. 2950.01 ET SEQ., AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.
IX.
 THE PUBLIC NOTIFICATION PROVISIONS OF R.C. 2950.01
ET SEQ., AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
X.
 R.C. 2950.01 ET SEQ., WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
These concern issues which have been decided by a panel of our court in State v. Ward(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ App.3d ___. Accordingly, in conformity with that opinion, we reject those contentions and overrule those assignments of error.
Chandler's second assignment of error states:
II.
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Chandler contends the court erred in determining him to be sexual predator because the state did not present clear and convincing evidence he is likely to participate in sexually oriented offenses in the future. The state maintains that it sustained its burden of proof in this regard. Thus, the issue before us, then, concerns whether the trial court correctly determined Chandler to be a sexual predator.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(3) provides the court is to then determine whether the offender is a sexual predator by clear and convincing evidence.
In its consideration of relevant factors following the hearing in this case, the court referred to Chandler's age, noted the victim's age as sixteen, considered the nature of Chandler's sexual conduct and sexual contact with the victim, and the fact that Chandler displayed and threatened cruelty to the victim at knife point.
After completing our review of the facts presented in the record in this case and noting Chandler's age and that of the victim, the nature of the sexual conduct and sexual contact he had with the victim, the fact that he used his superior position, size, and age to dominate a medically infirm individual which helps to define the cruelty in the commission of these offenses, and by causing her submission at knife point, we have concluded the trial court's classification of Chandler as a sexual predator is established by clear and convincing evidence. Accordingly, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________________ JUDGE TERRENCE O'DONNELL
 JAMES M PORTER, A.J., and PATRICIA A. BLACKMON, J., CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(a)